170

No. 61,883 and
No. 61,835

In the Matter of RICHARD W. NIEDERHAUSER, *Respondent.*
(753 P.2d 1288)

Opinion filed April 29, 1988.

*Richard W. Niederhauser* appeared pro se.

*Bruce E. Miller,* disciplinary administrator, appeared for petitioner.

*Per Curiam:* Two original actions in discipline, resulting from complaints filed by the office of the Disciplinary Administrator against Richard W. Niederhauser, of Kansas City, an attorney admitted to the practice of law in Kansas, have been consolidated before this court.

## Case No. 61,883

This case involved complaints before the Kansas Board for Discipline of Attorneys numbered W3973 and B4058. In W3973 the hearing panel of the Board found that respondent represented Joanne Williams in a personal injury action for her minor children David and Michael. Children's Mercy Hospital in Kansas City, Missouri, had a claim for services to the children in the amount of $2,202.15. Upon settlement of the case, respondent apparently obtained an endorsement of the settlement draft from the hospital, which was named as a payee, in return for his personal check in the amount of $2,202.15. The check given the hospital was written on an account of the respondent's which had been closed at least two weeks earlier. The funds which should have been paid to the hospital were converted to respondent's personal use. The hearing panel found violations of Rule 225 (1987 Kan. Ct. R. Annot. 122 *et seq.*) including DR 9-102(A) and DR 1-102(A)(1), (4), and (6), and recommended disbarment.

Complaint B4058 concerned a dispute over the services to be performed and the fee in a child visitation matter. Respondent was paid $100.00 of an agreed $150.00 fee. He did not proceed to file the papers seeking visitation privileges and contended he was not required to proceed until the entire $150.00 was paid.

The client was of the opinion the necessary papers would be prepared and filed forthwith with the balance of $50.00 to be paid at a later date. As the evidence was conflicting, the panel dismissed this complaint but directed respondent to refund the $100.00 retainer.

## Case No. 61,835

This case also involved two separate complaints. In complaint W3616 respondent received $1,158.60, which was to be paid to Bethany Medical Center on behalf of a client. Respondent issued his trust account check to the medical center in that amount and the check was returned for insufficient funds. Respondent candidly admitted that he knew at the time he issued the trust account check it would result in the account being overdrawn and that he commingled trust account funds with his personal funds. The panel found a violation of DR 9-102(A) and recommended public censure.

In complaint W3624 the respondent represented Michelle Wren, who had been involved in a personal injury accident. Ms. Wren had previously been represented in the same case by Jack J. Isgur, who asserted an attorney's lien for services in the amount of $427.50. The case was settled for $4,475.00 and Mr. Isgur was a named payee on the settlement draft. Respondent, in an attempt to accommodate his client, endorsed Mr. Isgur's name to the draft without his authority. Mr. Isgur was eventually paid and the panel, in recommending informal admonition from the Disciplinary Administrator, found a violation of DR 1-102(A)(6) but did not find that respondent acted in a fraudulent or dishonest manner.

The respondent appeared before this court on March 25, 1988, pursuant to Rule 212(d) (1987 Kan. Ct. R. Annot. 111) and forthrightly admitted the violations and conduct as hereinbefore set forth. Respondent admitted that he had experienced financial and professional difficulties and conceded that he should not be allowed to practice law at the present time. Respondent asked this court to consider indefinite suspension rather than disbarment and expressed the hope that he could eventually be returned to the practice of law.

The court, having carefully considered the record, finds that the various violations found by the hearing panels of the Board

are supported by clear and convincing evidence. A majority of the court is of the opinion that respondent should be disciplined by indefinite suspension.

IT IS THEREFORE ORDERED that Richard W. Niederhauser be and he is hereby indefinitely suspended from the practice of law in the State of Kansas and the costs herein are assessed to the respondent.

IT IS FURTHER ORDERED that Richard W. Niederhauser shall comply forthwith with the provisions of Rule 218 (1987 Kan. Ct. R. Annot. 116).

Effective this 29th day of April, 1988.