Bar Docket No. 07334

In the Matter of RICHARD W. NIEDERHAUSER, *Respondent.*

(756 P.2d 1103)

On or about the 23rd day of July, 1987, and the 20th day of May, 1988, formal complaints were filed by the office of the Disciplinary Administrator against Richard W. Niederhauser, of Kansas City, an attorney formerly admitted to the practice of law in Kansas.

Without going into detail, the complaints alleged violations of the Code of Professional Responsibility, Rule 225 (1987 Kan. Ct. R. Annot. 122). Respondent was alleged to have (1) failed to pay a medical bill incurred by a personal injury client following settlement of her lawsuit, (2) failed to comply with court orders directed to respondent in a civil action filed against him in the District Court of Wyandotte County, Kansas, (3) neglected a client's case in a federal court matter, and (4) been guilty of incompetence. Additionally, respondent was alleged to have failed to cooperate with the office of the Disciplinary Administrator as required by Rule 207 (1987 Kan. Ct. R. Annot. 105).

Several additional disciplinary complaints against respondent are also pending or under consideration by the office of the Disciplinary Administrator. On April 29, 1988, the respondent was indefinitely suspended from the practice of law by an order of this court. *In re Niederhauser,* 243 Kan. 170, 753 P.2d 1288 (1988).

On the 28th day of June, 1988, respondent delivered to Stanton Hazlett, Deputy Disciplinary Administrator, a notice that he desired to surrender his license and privilege to practice law in Kansas, pursuant to Rule 217 (1987 Kan. Ct. R. Annot. 115), rather than proceed with the pending disciplinary matters.

The Court, being fully advised in the premises, finds that the surrender of respondent's license and privilege to practice law in the State of Kansas should be accepted and that respondent should be disbarred.

IT IS THEREFORE ORDERED that Richard W. Niederhauser be and he is hereby disbarred from the practice of law in the State of Kansas and the Clerk of the Appellate Courts is directed to strike his name from the roll of attorneys in Kansas.

IT IS FURTHER ORDERED that this order shall be published in the official Kansas Reports and that the costs of this proceeding and all other pending disciplinary proceedings be assessed to the respondent.

Effective this 1st day of July, 1988.

IT IS SO ORDERED.